J. ASHLEE ALBIES    OSB #051846
E-mail: ashlee@civilrightspdx.com
MICHAEL ROSE    OSB #753221
E-mail: mrose@civilrightspdx.com
CREIGHTON & ROSE, PC
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:    (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ESTATE OF CHASE HAMMER** by and through its personal representative **STEVE HAMMER**, **M.P.**, a minor by and through her mother **CHRISTINE PARKINS**, **L.H.**, a minor by and through her mother **MEGAN BARFIELD, STEVE HAMMER**, an individual, and **JANET WILLIAMS**, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF SALEM**, a municipality, **RYAN DEMMER**, an individual, and **TREVOR UPKES**, an individual,<br><br>Defendants. | Civil No.<br><br>**COMPLAINT**<br>(Civil Rights / State Law/ Damages)<br><br>**DEMAND FOR A JURY TRIAL** |

## I.

### INTRODUCTION

1. Pursuant to 42 USC § 1983, Plaintiff Estate of Chase Hammer alleges that

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

defendants violated Chase Hammer's Fourth Amendment rights resulting in his death. Plaintiffs M.P., L.H., Steve Hammer and Janet Williams also allege that Defendants violated their Fourteenth Amendment rights, depriving them of their Constitutionally-protected relationship with Chase Hammer.

2. Pursuant to ORS 30.020 and ORS 30.275, the Estate of Chase Hammer makes a claim under state law against Defendant City of Salem for damages arising from Hammer's wrongful death. Plaintiffs M.P., L.H., Steve Hammer and Janet Williams also make a claim under Oregon common law against Defendant City of Salem for Intentional Infliction of Emotional Distress.

3. Plaintiffs seeks awards of economic damages, non-economic damages and attorney fees and litigation expenses/costs against defendants. Plaintiffs also seek an award of punitive damages against Defendant Demmer under federal law.

## II.

## JURISDICTION

4. This court has jurisdiction over plaintiffs' claims by virtue of 28 USC §§ 1331, 1343, and 1367.

## III.

## PARTIES

5. Chase Hammer ("Hammer") is deceased. At the time of his death, he resided in Salem, Oregon.

6. Plaintiff M.P. is Chase Hammer's minor daughter, and a resident of Oregon. She brings her claims by and through her mother, Christine Parkins.

PAGE 2 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

7. Plaintiff L.H. is Chase Hammer's minor daughter, and a resident of Oregon. She brings her claims by and through her mother, Megan Barfield.

8. Plaintiff Steve Hammer is Chase Hammer's father. He is the duly-appointed Personal Representative of the Estate of Chase Hammer ("Hammer's Estate"), and a resident of Oregon.

9. Plaintiff Janet Williams is Chase Hammer's mother, and a resident of Oregon.

10. At all material times herein, Defendant Ryan Demmer ("Demmer") was a Corporal with the Salem Police Department acting within the course and scope of his employment with the City of Salem. He is sued in his individual capacity only.

11. At all material times herein, Defendant Trevor Upkes ("Upkes") was a Sergeant with the Salem Police Department acting within the course and scope of his employment with the City of Salem. He is sued in his individual capacity only.

12. Defendant City of Salem ("Salem") is a public body liable under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct caused or contributed to the cause of Hammer's death.

## IV.

## FACTS

13. At all times material herein, defendants acted under color of state law.

14. At approximately 6:27 pm on October 21, 2012, the Salem Police Department learned of a welfare check requested at the Hammer residence in SE Salem. Officers learned that Chase Hammer was a "mental subj[ect]," threatening suicide, possibly had a gun, and was under the influence of Xanax and Percocet, respectively an anti-anxiety and a pain medication. It was

PAGE 3 – COMPLAINT

CREIGHTON
& ROSE, PC
ATTORNEYS
AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

further relayed through dispatch that Hammer was "not violent... is just sad." Salem police officers were dispatched, eventually surrounding the home and taking surveillance positions armed with a variety of lethal weapons.

15. When the officers arrived on scene, they were not sure whether Chase Hammer was inside the residence. Officers were in the process of preparing a tactical plan to determine whether Chase Hammer was in the residence. The officers did not seek to gather information from Hammer's community of family and friends – including his father Steve Hammer, his sister Maria Hammer, and Christine Parkins – who were present at the scene, about what was going on with Hammer that led to his current mental health crisis, despite his family's attempts to offer such information. Nor did the officers attempt to determine the best way to communicate with Hammer or to address his crisis, despite the ready availability of that information. Sergeant Upkes was in command on scene, but failed to create a tactical plan.

16. Had defendants listened to Hammer's family, they would have learned Hammer was experiencing a mental health crisis, was distraught because he had been facing unemployment and was suffering from chronic pain, but was a non-violent person. Moreover, he was very upset at having recently lost his wallet and cell phone.

17. At that point, the Salem Police did not suspect Chase Hammer had committed any crime, and the officers were present merely for a welfare check to ensure the safety of a potentially suicidal subject.

18. At approximately 8:00 pm, well over an hour after officers first arrived on scene, Hammer was seen walking slowly up SE Scenic Drive towards his home. The officers, recognizing it was Hammer, turned to shine their lights directly into Hammer's face. Hammer

PAGE 4 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

gave no indication he understood it was the police outside his home.

19.   The officers claim they yelled commands at Hammer to drop his gun and/or to get on the ground. The officers did not identify themselves as police, nor did they give Hammer time to respond to any commands. A moment after shouting commands at Hammer, with bright lights blinding Hammer, Defendant Demmer repeatedly shot Hammer, killing him.

20.   Sergeant Upkes was on scene and did not create a plan to interact with Hammer. The officers did not attempt to negotiate with Hammer or establish communication with him, despite a crisis negotiator's being on scene, and their being aware Hammer was having a mental health crisis, that he was non-violent, and that he was under the influence of anti-anxiety and pain medications which would certainly slow his response time.

21.   At no time before Defendant Demmer began firing his gun at Hammer did Hammer give any indication he understood the police were there giving him commands nor did he point a weapon or threaten anyone.

22   Even though he had time to do so, Defendant Demmer failed to give a specific warning that if Hammer did not follow his commands, he would be shot.

23.   At the time Defendant Demmer shot Hammer and killed him, Defendant Demmer did not have probable cause, reasonable suspicion, or a reasonably objective belief that Hammer posed an immediate risk of death or serious bodily injury to Demmer or any other person. Demmer's shooting of Hammer was unreasonable and the cause of Hammer's injuries and death.

24.   Salem Police Department did not activate their specially trained SPD Hostage Negotiation Team ("HNT") or its Special Emergency Reaction Team ("SERT") to deal with Hammer. Their failure to do so was unreasonable, reckless and deliberately indifferent to the

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

safety and constitutional rights of Hammer or someone like Hammer.

25. Prior to the time Hammer was shot by Defendant Demmer, Salem Police officers, including Defendant Upkes, had not issued necessary and reasonable command orders for the custody and communication/negotiation teams, had not adequately coordinated the incident and the teams under their command, and had not taken adequate steps on scene to deal with someone like Hammer in order to protect his life and prevent him from being shot. Their actions and inaction were unreasonable, reckless and deliberately indifferent to the safety and constitutional rights of Hammer.

26. Prior to the time Hammer was shot by Defendant Demmer, Defendant Upkes and the officers on scene had not created, coordinated or implemented plans on scene, including, but not limited to the following:

(a) a plan or plans on how to deal with Hammer if he approached the officers;

(b) a plan or plans on how to deal with Hammer if he approached the officers and was passively resistant to police commands;

(c) a plan or plans on how to deal with Hammer if he approached the officers and was armed;

(d) a plan or plans on what the rules of engagement would be for officers dealing with Hammer;

(e) a plan or plans to communicate/negotiate with Hammer;

(f) a plan or plans to take Hammer into custody if necessary;

(g) a plan or plans to ensure that Hammer was not needlessly and unreasonably placed in danger by the actions or inactions of the individual defendant and other officers on

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

scene.

27. The conduct of Salem Police Department was unreasonable and a contributing cause of Hammer's injuries and death.

28. Prior to October 21, 2012, Salem, the Salem Police Department and its officials knew of the critical importance and the legal requirement that they have use-of-force policies in effect that required members of the Salem Police Department to consider a subject's mental illness or emotional disturbance or symptoms or such illness or disturbance, including reported suicidal ideation or symptoms, to be included as a factor in determining the reasonableness of the force to be used on a subject. Nonetheless, they did not have the necessary and appropriate policies in place and did not provide the necessary and appropriate training to ensure that such a factor was considered. As such they were deliberately indifferent and/or negligent with regard to the well-established risk that members of the Salem Police Department would as a result use unreasonable force on subjects who are mentally ill or emotionally disturbed or symptomatic of such illness or disturbance, including being reported as having suicidal ideation or symptoms.

29. At least in part, one or more of the longstanding official practices, customs or policies, deliberate inaction and/or acts of Salem, its Police Department and its officials, described in ¶¶ 26 and 28, above, caused or was a contributing cause of Hammer's death and the violation of his constitutional rights.

30. As a result of the above conduct by defendants and before Hammer died, he suffered and endured conscious, severe physical and mental pain and suffering.

31. As a result of the above conduct by defendants, Hammer's Estate has incurred funeral expenses and other out-of-pocket losses resulting from Hammer's injuries and wrongful

PAGE 7 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

death.

32. As a result of the above conduct by defendants, Hammer's Estate and his heirs have suffered a loss of Hammer's services, pecuniary loss and the loss of his society and companionship.

33. As a result of the above conduct by defendants, plaintiffs have suffered severe emotional distress and anxiety.

34. As described above, Defendants Demmer and Upkes acted with a conscious disregard for Hammer's Fourth Amendment rights and the surviving plaintiffs' Fourteenth Amendment rights. In addition, or in the alternative, defendants' conduct was wanton, reckless, and in disregard of plaintiffs' well-established constitutional rights.

V.

### FIRST CLAIM FOR RELIEF

**(Section 1983 - Fourth Amendment Violation -Unreasonable Force)**

35. As applicable, plaintiffs incorporate the allegations above.

36. As described above, the Defendants Demmer and Upkes, as the supervisor on scene, violated Hammer's right not to be subjected to unreasonable force causing injury and his death. Their conduct violated the Fourth Amendment to the United States Constitution.

37. As described above and at least in part, Salem, its Police Department, its officials and the individual defendants were deliberately indifferent to Hammer's rights, ratified Defendants Demmer and Upkes' conduct, and caused or contributed to the cause of Hammer's death and the violation of the Fourth Amendment to the United States Constitution.

38. As a result of the above, Hammer's Estate is entitled to an award of economic and

PAGE 8 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

non-economic damages against defendants in amounts to be determined at trial.

39.     As a result of the above, Hammer's Estate is entitled to an award of punitive damages against defendants Demmer and Upkes in an amount to be determined at trial.

40.     Hammer's Estate should be awarded its attorney fees and litigation expenses/costs against defendants pursuant to 42 USC § 1988.

## VI.

## SECOND CLAIM FOR RELIEF

### (State Law Claim - Wrongful Death)

41.     As applicable, plaintiffs incorporates the allegations above.

42.     The service of the Complaint herein provided the City of Salem with timely written notice of this state law claim, thereby satisfying the notice requirements of the Oregon Tort Claims Act.

43.     In one or more of the ways described above, Defendant City of Salem was negligent. It is responsible for its negligence, the negligence of its employees, and other tortious conduct which caused the wrongful death of Chase Hammer.

44.     As a result of the above, Hammer's Estate is entitled to an award of economic and non-economic damages against Salem in amounts to be determined at trial.

45.     Hammer's Estate should be awarded its costs against Salem.

///

///

///

///

PAGE 9 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

## VII.

## THIRD CLAIM FOR RELIEF

**(Section 1983 – Fourteenth Amendment Violation – Unreasonable Conduct and/or Conduct Which Is Arbitrary, Deliberately Indifferent and/or Shocks the Conscience)**

46.     As applicable, plaintiffs incorporate the allegations above.

47.     As described above, Defendants Demmer and Upkes violated the surviving plaintiffs' Fourteenth Amendment rights because their conduct was unreasonable and/or arbitrary, deliberately indifferent and/or shocking to the conscience.

48.     As a result of the above, plaintiffs are entitled to an award of non-economic damages against Defendants Demmer and Upkes in amounts to be determined at trial.

49.     As a result of the above, plaintiffs are entitled to awards of punitive damages against Defendants Demmer and Upkes in amounts to be determined at trial.

50.     Pursuant to 42 USC § 1988, plaintiffs should be awarded their attorneys' fees and litigation expenses/costs against Defendants Demmer and Upkes.

WHEREFORE, plaintiffs pray for relief from the Court as follows:

1.     Assume jurisdiction in this matter over plaintiffs' claims;

2.     Award plaintiffs economic and non-economic damages against defendants in amounts to be determined at trial in accordance with the allegations set forth above;

3.     Award plaintiffs punitive damages against the individual defendants in separate amounts to be determined at trial in accordance with the allegations set forth above;

///

///

PAGE 10 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

4.      Award plaintiffs their attorneys' fees and litigation expenses/costs against defendants in accordance with the allegations set forth above; and

5.      Grant such other relief as may be just and proper.

PLAINTIFFS DEMAND A JURY TRIAL.

DATED this 11th day of October, 2013.

                                           *s/ J. Ashlee Albies*
                                           J. Ashlee Albies, OSB # 051846
                                           Michael Rose, OSB # 753221
                                           Of Attorneys for Plaintiffs
                                           503.221.1792

PAGE 11 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com